United States District Court
Southern District of Texas
**ENTERED**
September 06, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Texas Rustic, Inc., § <br>    Plaintiff, § <br>                  § <br> v.                        § <br>                      § <br> Furniture Mattresses & More LLC § <br>    Defendant. § | Civil Action H-19-2090 |

# Memorandum and Recommendation

This is a breach of contract case. Defendant Furniture Mattresses & More ("FMM") has filed a motion to dismiss for lack of personal jurisdiction and under the first-to-file rule. (D.E. 5.) Because the court lacks personal jurisdiction over FMM, the court recommends that this case be dismissed with prejudice.

1. *Background and Procedural Posture*

Plaintiff, Texas Rustic, Inc. ("Texas Rustic") is a Texas business that sells furniture. The furniture is manufactured in Mexico and shipped by a third-party transportation company from Laredo, Texas. FMM is a Maine company that ordered over $437,000 in furniture from Texas Rustic. The purchase contract was negotiated in North Carolina. The furniture was delivered to FMM in Maine. FMM alleges that the furniture was defective and therefore it did not pay for all the furniture that Texas Rustic shipped.

FMM sued Texas Rustic on April 11, 2019, in federal court in Maine. Texas Rustic sued FMM in Texas state court on May 9, 2019. FMM removed the Texas case to federal court on June 10, 2019. Both parties accuse the other of breach of contract, and both cases involve the same facts. FMM filed the instant motion to dismiss on June 17, 2019, and Texas Rustic filed a similar motion to dismiss in Maine on

July 2, 2019. Both parties dispute that they are subject to personal jurisdiction outside of their home state.

FMM argues that the court lacks personal jurisdiction because FMM's contacts with the State of Texas are insufficient to meet the constitutional due process requirements for a court to exercise jurisdiction over an out-of-state litigant. In the alternative, FMM argues that it filed a suit against Texas Rustic in its home state of Maine before Texas Rustic filed the present action, and the court should transfer the case to the District of Maine under the "first-to-file" rule.

2. *Legal Standards*

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to make a *prima facie* showing that the court has jurisdiction over a nonresident defendant. See *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). The court may rely on affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery to determine whether it can assert jurisdiction. *Stuart*, 772 F.2d at 1192. Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). After a plaintiff makes its prima facie case, the burden then shifts to the defendant to present "a compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

A federal court has jurisdiction over a nonresident defendant if the state's long-arm statute confers personal jurisdiction over that defendant, and if the exercise of jurisdiction is consistent with due process under the United States Constitution. *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993). Because the Texas long-arm statute extends to the limits of federal due process, *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990), this court

must determine whether (1) the defendants have established "minimum contacts" with the forum state; and, (2) whether the exercise of personal jurisdiction over the defendants would offend "traditional notions of fair play and substantial justice." *Ruston Gas*, 9 F.3d at 418 (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).

The "minimum contacts" prong is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475. The nonresident defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). This test "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King*, 471 U.S. at 475 (citations omitted).

The "minimum contacts" prong of the inquiry may be subdivided into contacts that give rise to "specific" personal jurisdiction and those that give rise to "general" personal jurisdiction. *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999). Specific jurisdiction is only appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984). On the other hand, the exercise of general personal jurisdiction is proper when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial. *Id.* at 414 n. 9; *Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 437, 445 (1952).

3. *Analysis*

   A. *Minimum contacts*

Texas Rustic does not argue that FMM has had continuous, systematic, and substantial contacts with Texas to support the court's exercise of general personal jurisdiction. Texas Rustic focuses on

specific jurisdiction and supports its argument with the following facts:

- FMM entered into a contract with Texas Rustic, a Texas company;
- FMM sent multiple purchase orders and payments to Texas Rustic, to be received in Texas; and
- FMM purchased furniture that Texas Rustic manufactured in Mexico and shipped through Laredo, Texas.

There is no evidence or allegation that any representative of FMM ever traveled to Texas. It is not disputed that the purchase agreement was negotiated in North Carolina and delivery was made in Maine. There is no evidence to suggest that Texas Rustic's residence in Texas was material to the purchase of furniture. In fact, the furniture came from Mexico and was merely shipped through Texas.

These contacts are insufficient to show that FMM purposefully availed itself of the protections of Texas law. The fact that FMM contracted with a Texas-based company does not, by itself, constitute minimum contacts. *See Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) ("Merely contracting with a resident of the forum state does not establish minimum contacts."). It is the prior negotiations, contemplated consequences, terms of the contract, and actual course of dealing that control the minimum contacts analysis. *Burger King*, 471 U.S. at 479; *Stuart*, 772 F.2d at 1193.

Here, the contract negotiations and placement of orders took place outside of Texas, in Maine and/or North Carolina. No representative of FMM ever travelled to Texas. The fact that the furniture was to be shipped through Texas was fortuitous and does not suggest that FMM should have envisioned it would be sued in Texas. "Jurisdiction must not be based on the fortuity of one party residing in the forum state." *McFadin v. Gerber*, 587 F.3d 753, 760 (5th Cir. 2009). The same is true of communications with Texas Rustic in Texas. Merely contacting a resident of a foreign state to negotiate a contract does not constitute purposeful activities

necessary to establish minimum contacts. *See Moncrief Oil Int'l*, 481 F.3d at 312 (citing *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986)). Nor is purchasing goods from a Texas-based company purposeful availment. *Helicopteros*, 466 U.S. at 417 ("[P]urchases . . . standing alone, are not a sufficient basis for a State's assertion of jurisdiction."). Likewise, showing that FMM made payments for Texas Rustic to receive in Texas is not enough to demonstrate FMM's minimum contacts. *See Stuart*, 772 F.2d at 1194 ("[T]he agreement to mail payment checks into the forum state does not weigh heavily in the calculus of contracts.").

   Texas Rustic argues that shipment of the furniture from Texas and receipt of payments in Texas establish the requisite contacts for this court to exercise specific personal jurisdiction. But a plaintiff's or a third party's unilateral activities cannot constitute minimum contacts. *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *Hydrokinetics, Inc. v. Alaska Mech., Inc.*, 700 F.2d 1026, 1029 (5th Cir. 1983).

   Texas Rustic argues that the place of contract performance controls when jurisdiction is based on a contractual relationship. Texas Rustic oversimplifies the analysis somewhat, but taking the argument at face value does not change the result. FMM had no duty to perform any part of its contractual obligations in Texas. FMM took delivery in Maine and paid its invoices from Maine. The cases that Texas Rustic cites in support of this legal proposition support the court's conclusion. For example, in *Fleischer v. Coffey*, 270 S.W.3d 334 (Tex. App.—Dallas, 2008, no pet.), the court found that exercise of specific personal jurisdiction was appropriate when the purchaser of a puppy from a Texas seller came to Texas to observe the dog's training and returned to Texas later to take delivery of the dog. *Id.* at 338. Thus, the entire contract was to be performed in Texas. *Id.* In *Barnstone v. Congregation Am Echad*, 574 F.2d 286 (5th Cir. 1978), a Texas architect contracted with a Maine religious organization to draw plans for a synagogue that was to be built in Maine. *Id.* at 287. Negotiations took place in Maine and by telephone or mail. *Id.* The

drawings, models and renderings were all created in Texas. *Id.* The court held that business negotiations through the mail with the Texas plaintiff were not enough to confer jurisdiction if the non-resident defendant was not present in Texas. *Id.* at 289. The court also held that the plaintiff's unilateral partial performance of the contract in Texas (making the drawings) is not enough for the court to exercise personal jurisdiction. *Id.*

Texas Rustic has not established that FMM made sufficient contacts with Texas for this court to exercise personal jurisdiction over FMM.

### B. *Fairness*

Because the court finds that no minimum contacts exist to exercise jurisdiction over FMM, there is no need to consider whether, by asserting personal jurisdiction, the court would violate traditional notions of fair play and substantial justice.

### C. *First-to-File*

It is also unnecessary to reach FMM's alternative argument regarding the first-to-file rule.

### 4. Conclusion

The court recommends that this action be dismissed with prejudice.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on September 6, 2019.

_____
Peter Bray
United States Magistrate Judge